EDA

FILED
FEBRUARY 25, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, Trustee,<br><br>        Plaintiffs,<br>    v.<br><br>AUTO RAIL SERVICES OF MARYLAND, INC., a Maryland corporation;<br>AUTO RAIL SERVICES OF PENNSYLVANIA, INC., a Pennsylvania corporation;<br>AUTO RAIL SERVICES OF WILMINGTON, INC., a Delaware corporation;<br>AUTO RAIL SERVICES OF OHIO, INC., an Ohio corporation;<br>AUTO RESOURCES GROUP OF MIAMI, INC., a Florida corporation;<br>MULTI-LEVEL SERVICES, INC., a North Carolina corporation; and<br>TERMINAL SHUTTLE SERVICES, INC., a North Carolina corporation,<br><br>        Defendants. | 08 C 1138<br><br>**JUDGE DARRAH**<br>**MAGISTRATE JUDGE VALDEZ** |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present trustees, for a cause of action against Defendants, allege as follows:

### JURISDICTION AND VENUE

1.  This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 et seq. (1982). This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund is administered at its principal place of business in Rosemont, Illinois.

## PARTIES

4. Plaintiff Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Howard McDougall is a trustee of the Pension Fund and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois 60018.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Auto Rail Services of Maryland, Inc. ("ARS-Maryland") is a corporation organized under the laws of the State of Maryland.

8. Defendant Auto Rail Services of Pennsylvania, Inc. ("ARS-Pennsylvania") is a corporation organized under the laws of the State of Pennsylvania.

9. Defendant Auto Rail Services of Wilmington, Inc. ("ARS-Wilmington") is a corporation organized under the laws of the State of Delaware.

10. Defendant Auto Rail Services of Ohio, Inc. ("ARS-Ohio") is a corporation organized under the laws of the State of Ohio.

11. Defendant Auto Resources Group of Miami, Inc. ("ARG-Miami") is a corporation organized under the laws of the State of Florida.

12. Defendant Multi-Level Services, Inc. ("MLS") is a corporation organized under the laws of the State of North Carolina.

13. Defendant Terminal Shuttle Services, Inc. ("TSS") is a corporation organized under the laws of the State of North Carolina.

## CLAIM FOR RELIEF

14. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 13 of this Complaint as though fully set forth herein.

15. On or about May 21, 2006, Steven L. Renne directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Renne Acquisition Corp. ("RAC"), a corporation organized under the laws of the State of North Carolina.

16. On or about May 21, 2006, RAC directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at

least 80% of the total value of outstanding shares of all classes of stock of Auto Rail Services of LAP, Inc. ("ARS-LAP"), a corporation organized under the laws of the State of Kentucky.

17. On or about May 21, 2006, RAC directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of ARS-Maryland.

18. On or about May 21, 2006, RAC directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of ARS-Pennsylvania.

19. On or about May 21, 2006, RAC directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of ARS-Wilmington.

20. On or about May 21, 2006, RAC directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of ARS-Ohio.

21. On or about May 21, 2006, RAC directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of ARG-Miami.

22. On or about May 21, 2006, Steven L. Renne directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of MLS.

23. On or about May 21, 2006, RAC, LAP, ARS-Maryland, ARS-Pennsylvania, ARS-Wilmington, ARS-Ohio, ARG-Miami, MLS, and TSS, were a group of trades or businesses under common control (the "AUTO RAIL SERVICES CONTROLLED GROUP") and therefore constituted a single employer within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

24. The AUTO RAIL SERVICES CONTROLLED GROUP is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

25. During all relevant times, LAP was bound by collective bargaining agreements with certain Teamsters locals, under which LAP was required to make contributions to the Pension Fund on behalf of certain of its employees.

26. The Pension Fund determined that on or about May 21, 2006, the AUTO RAIL SERVICES CONTROLLED GROUP permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased all covered operations, thereby effecting a "complete withdrawal," as defined in section 4203 of ERISA, 29 U.S.C. § 1383.

27. As a result of this complete withdrawal, the AUTO RAIL SERVICES CONTROLLED GROUP incurred withdrawal liability to the Pension Fund in the original amount of $14,870,264.59 as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

28. On or about July 20, 2006, the AUTO RAIL SERVICES CONTROLLED GROUP, through RAC, received a notice and demand for payment of withdrawal liability

issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

29. On or about August 15, 2006, the AUTO RAIL SERVICES CONTROLLED GROUP, through RAC, received a notice from the Pension Fund pursuant to section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), advising that its withdrawal liability payments were past due, and which forewarned the AUTO RAIL SERVICES CONTROLLED GROUP of the consequences of its failure to pay such liability.

30. On or about September 28, 2006, the AUTO RAIL SERVICES CONTROLLED GROUP, through RAC, received a notice from the Pension Fund advising that its withdrawal liability had been revised to $17,319,521.54. The revised notice did not affect past due payments.

31. On or about November 10, 2006, the AUTO RAIL SERVICES CONTROLLED GROUP, through RAC, received a notice from the Pension Fund advising that its withdrawal liability had been revised again to $17,357,965.97. The revised notice did not affect past due payments.

32. The AUTO RAIL SERVICES CONTROLLED GROUP did not timely initiate arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

33. The AUTO RAIL SERVICES CONTROLLED GROUP failed to make the required withdrawal liability payments to the Pension Fund and fell into default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5).

34. Each of the Defendants, as members of the AUTO RAIL SERVICES CONTROLLED GROUP, are jointly and severally liable to the Pension Fund for the withdrawal liability.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendants, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §1132(g)(2) and 1451(b), for --

    (1) $17,357,965.97 in withdrawal liability;

    (2) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the month for which interest is charged;

    (3) an amount equal to the greater of interest on the withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

    (4) attorney's fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually; and

[Remainder of page intentionally left blank]

-8-

(c) For such further or different relief as this Court may deem proper and just.

                                        Respectfully submitted,

                                        /s/ Charles H. Lee
                                        Charles H. Lee (ARDC #6244633)
                                        Attorney for Central States

                                        CENTRAL STATES FUNDS
                                        Law Department
                                        9377 W. Higgins Road, 10th Floor
                                        Rosemont, IL 60018
                                        (847) 518-9800, Ext. 3468
                                        chlee@centralstatesfunds.org

February 25, 2008