IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, Trustee,<br><br>Plaintiffs,<br>v.<br><br>AUTO RAIL SERVICES OF MARYLAND, INC., a Maryland corporation;<br>AUTO RAIL SERVICES OF PENNSYLVANIA, INC., a Pennsylvania corporation;<br>AUTO RAIL SERVICES OF WILMINGTON, INC., a Delaware corporation;<br>AUTO RAIL SERVICES OF OHIO, INC., an Ohio corporation;<br>AUTO RESOURCES GROUP OF MIAMI, INC., a Florida corporation;<br>MULTI-LEVEL SERVICES, INC., a North Carolina corporation; and<br>TERMINAL SHUTTLE SERVICES, INC., a North Carolina corporation,<br><br>Defendants. | Case No. 08 C 1138<br><br>Judge John W. Darrah<br><br>Magistrate Judge Valdez |

**PLAINTIFFS' MOTION FOR ENTRY
OF DEFAULT AND DEFAULT JUDGMENT**

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and Howard McDougall (collectively "Central States"), move this Court pursuant to Federal Rule of Civil Procedure 55(b) for the entry of an order of default and default judgment against Defendants, Auto Rail Services of Maryland, Inc. ("ARS-Maryland"), Auto Rail Services of Pennsylvania, Inc. ("ARS-Pennsylvania"), Auto Rail Services of Wilmington, Inc. ("ARS-Wilmington"), Auto Rail Services of Ohio, Inc. ("ARS-Ohio"), Auto Resources Group of Miami, Inc. ("ARG-Miami"), Multi-Level Services, Inc. ("MLS"), and

Terminal Shuttle Services, Inc. ("TSS") (collectively "Defendants"). In support of this motion, Plaintiffs state as follows:

### Background Information

1.  On February 25, 2008, Central States filed this lawsuit against Defendants under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1001 et seq. (1982), to collect withdrawal liability payments due and owing to Central States as well as interest, liquidated damages, attorney's fees and costs.

2.  This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§1132(e), 1132(f) and 1451(c).

3.  The Pension Fund is administered at its principal place of business in Rosemont, Illinois. (¶ 2 of Sprau Affidavit, Exhibit A.) Accordingly, venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d).

4.  On or about May 21, 2006, Steven L. Renne directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Renne Acquisition Corp. ("RAC") and MLS. (¶ 4 of Sprau Affidavit, Exhibit A.)

5.  On or about May 21, 2006, RAC directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Auto Rail Services of LAP, Inc. ("ARS-LAP"), ARS-Maryland, ARS-Pennsylvania, ARS-Wilmington, ARS-Ohio, and ARG-Miami. (¶ 4 of Sprau Affidavit, Exhibit A.)

6. As a result of the common ownership of these companies, on or about May 21, 2006, RAC, LAP, ARS-Maryland, ARS-Pennsylvania, ARS-Wilmington, ARS-Ohio, ARG-Miami, MLS, and TSS, were a group of trades or businesses under common control (the "Auto Rail Services Controlled Group") and therefore constituted a single employer within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder. (¶ 5 of Sprau Affidavit, Exhibit A.)

7. The Auto Rail Services Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

8. During all relevant times, LAP was bound by collective bargaining agreements with certain Teamsters locals under which LAP was required to make contributions to the Pension Fund on behalf of certain of its employees. (¶ 6 of Sprau Affidavit, Exhibit A.)

9. The Pension Fund determined that on or about May 21, 2006, the Auto Rail Services Controlled Group permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased all covered operations, thereby effecting a "complete withdrawal," as defined in section 4203 of ERISA, 29 U.S.C. §1383. (¶ 7 of Sprau Affidavit, Exhibit A.)

10. As a result of this complete withdrawal, the Auto Rail Services Controlled Group incurred joint and several withdrawal liability to the Pension Fund in the principal amount of $17,357,965.97 as determined under section 4201(b) of ERISA, 29 U.S.C. §1381(b). (¶ 17 of Sprau Affidavit, Exhibit A.)

11. The Auto Rail Services Controlled Group failed to make any of the scheduled

withdrawal liability payments to the Pension Fund and fell into default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5). (¶ 18 of Sprau Affidavit, <u>Exhibit A</u>.) As a result, Central States filed this lawsuit.

### Service of Summons

12.   On February 27, 2008, ARS-Maryland was served with a copy of the summons and complaint by and through its Registered Agent. (A copy of the summons and return of service is attached as <u>Exhibit B</u>.)

13.   On March 11, 2008, ARS-Pennsylvania was served with a copy of the summons and complaint by and through its Registered Agent. (A copy of the summons and return of service is attached as <u>Exhibit C</u>.)

14.   On February 27, 2008, ARS-Wilmington was served with a copy of the summons and complaint by and through its Registered Agent. (A copy of the summons and return of service is attached as <u>Exhibit D</u>.)

15.   On February 28, 2008, ARS-Ohio was served with a copy of the summons and complaint by and through its Registered Agent. (A copy of the summons and return of service is attached as <u>Exhibit E</u>.)

16.   On February 28, 2008, ARG-Miami was served with a copy of the summons and complaint by and through its Registered Agent. (A copy of the summons and return of service is attached as <u>Exhibit F</u>.)

17.   On February 29, 2008, MLS was served with a copy of the summons and complaint by and through its Registered Agent. (A copy of the summons and return of service is attached as <u>Exhibit G</u>.)

18.     On March 3, 2008, TSS was served with a copy of the summons and complaint by and through its Registered Agent. (A copy of the summons and return of service is attached as Exhibit H.)

19.     Defendants are in default because they have failed to file an answer or other responsive pleading to the complaint within the time limit prescribed by Fed.R.Civ.P. 12.

### Calculation of Requested Judgment Amount

20.     Defendants failed to make any of the withdrawal liability payments to the Pension Fund. (¶ 18 of Sprau Affidavit, Exhibit A.)

21.     Under section 4301(b) of ERISA, 29 U.S.C. § 1451(b), the failure to make withdrawal liability payments when due is treated in the same manner as a delinquent contribution under section 515 of ERISA, 29 U.S.C. § 1145. *Central States, S.E. & S.W. Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1377 (7th Cir. 1992). Pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Central States is entitled to:

(i)     delinquent withdrawal liability payments;
(ii)    interest on the delinquent withdrawal liability payments;
(iii)   an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of 20 percent of the delinquent withdrawal liability payments;
(iv)    reasonable attorney's fees and costs;
(v)     and such other relief the Court deems appropriate.

An award of these amounts is mandatory. *Central States, S.E. & S.W. Areas Pension Fund v. Gerber Truck Serv.*, 870 F.2d 1148, 1156 (7th Cir. 1989) (*en banc*).

22.     Pursuant to section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Defendants owe Central States a principal balance of $17,357,965.97 in withdrawal liability. (¶ 18 of Sprau Affidavit, Exhibit A.)

23. Pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), interest is computed and charged at the rate set by the plan.

24. Under the Pension Fund's Pension Plan, interest is computed and charged at an annualized interest rate equal to the two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged. (¶ 22 of Sprau Affidavit, Exhibit A.)

25. Using this rate, Defendants owe Central States $2,958,086.70 in interest through May 1, 2008. (¶ 23 of Sprau Affidavit, Exhibit A.)

26. Under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Central States is entitled to the greater of interest on the delinquent withdrawal liability or liquidated damages of up to 20% of the delinquent withdrawal liability as provided under the plan. The Pension Fund's Pension Plan provides for liquidated damages in the amount of 20% of the unpaid withdrawal liability payments. (¶ 24 of Sprau Affidavit, Exhibit A.)

27. Defendants owe Central States $3,471,593.19 in liquidated damages. (¶ 24 of Sprau Affidavit, Exhibit A.)

28. Defendants owe Central States $1,047.50 in attorney's fees and $685.00 in costs. (¶¶ 6 & 7 of Lee Affidavit, Exhibit I.)

29. Pursuant to the terms of the Pension Fund's Pension Plan, Central States is entitled to post-judgment interest on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged. (¶ 26 of Sprau Affidavit, Exhibit A.)

30. Attached hereto as <u>Exhibit J</u> is a proposed Judgment Order.

**WHEREFORE**, Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, trustee, request the following relief:

(a) That Defendants be adjudged to be in default.

(b) That a default judgment be entered against Defendants in the following amounts:

| | |
|---|---:|
| Withdrawal Liability Principal | $17,357,965.97 |
| Interest (through 5/1/08) | 2,958,086.70 |
| Liquidated Damages | 3,471,593.19 |
| Attorney's Fees | 1,047.50 |
| Costs | 685.00 |
| TOTAL | $23,789,378.36 |

(c) That the default judgment award Central States post-judgment computed at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged.

Respectfully submitted,

s/ Charles H. Lee
Charles H. Lee (ARDC #6244633)
Attorney for Central States

CENTRAL STATES FUNDS
Law Department
9377 W. Higgins Road, 10th Floor
Rosemont, IL 60018
(847) 518-9800, Ext. 3468

April 29, 2008

## **CERTIFICATE OF SERVICE**

      I, Charles H. Lee, one of the attorneys for the Central States, Southeast and Southwest Areas Pension Fund, certify that on April 29, 2008, I electronically filed the foregoing Plaintiffs' Motion for Entry of Default and Default Judgment with the Clerk of the Court using the ECF system. This filing was served on all parties indicated on the electronic filing receipt via the ECF system.

      I further certify that the foregoing document has been mailed via UPS overnite delivery to the following non-ECF participants on the attached Service List.

                            s/ Charles H. Lee
                            Charles H. Lee (ARDC #6244633)
                            Attorney for Central States

                            CENTRAL STATES FUNDS
                            Law Department
                            9377 W. Higgins Road, 10th Floor
                            Rosemont, IL  60018
                            847-518-9800, Ext. 3468

April 29, 2008

**SERVICE LIST**

Auto Rail Services of Maryland, Inc.
c/o The Corporation Trust Inc. - Registered Agent
300 E. Lombard Street
Baltimore, MD 21202
**Tracking No. 1Z 395 1X9 01 9687 9292**

Auto Rail Services of Ohio, Inc.
c/o CT Corporation System - Registered Agent
1300 E. 9th Street
Cleveland, OH 44114
**Tracking No. 1Z 395 1X9 01 9946 5509**

Auto Rail Services of Pennsylvania, Inc.
c/o Matthew Sayer - Vice President
4608 Chandler Grove St.
Raleigh, NC 27612
**Tracking No. 1Z 395 1X9 01 9877 5917**

Auto Rail Services of Wilmington, Inc.
c/o The Corporation Trust Company - Registered Agent
Corporation Trust Center
1209 Orange St.
Wilmington, DE 19801
**Tracking No. 1Z 395 1X9 01 9929 4524**

Auto Resources Group of Miami, Inc.
c/o CT Corporation System - Registered Agent
1200 South Pine Island Rd.
Plantation, FL 33324
**Tracking No. 1Z 395 1X9 01 9518 5337**

Multi-Level Services, Inc.
c/o Steven Lee Renne - Registered Agent
3022 Lake Forest Drive
Greensboro, NC 27408
**Tracking No. 1Z 395 1X9 01 9889 2344**

Terminal Shuttle Services, Inc.
c/o Steven Lee Renne - Registered Agent
3022 Lake Forest Drive
Greensboro, NC 27408
**Tracking No. 1Z 395 1X9 01 9673 9559**