# Exhibit A

-1-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, Trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 08 C 1138 |
| AUTO RAIL SERVICES OF MARYLAND, INC., a Maryland corporation; | ) ) ) | Judge John W. Darrah |
| AUTO RAIL SERVICES OF PENNSYLVANIA, INC., a Pennsylvania corporation; AUTO RAIL SERVICES OF WILMINGTON, INC., a Delaware corporation; AUTO RAIL SERVICES OF OHIO, INC., an Ohio corporation; AUTO RESOURCES GROUP OF MIAMI, INC., a Florida corporation; MULTI-LEVEL SERVICES, INC., a North Carolina corporation; and TERMINAL SHUTTLE SERVICES, INC., a North Carolina corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Valdez |
| Defendants. | ) | |

## AFFIDAVIT OF ANDREW SPRAU

State of Illinois   )
                    ) SS
County of Cook      )

I, Andrew Sprau, having been duly sworn on oath, depose and state as follows:

1. I am the Department Manager of Collections at the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund"). I have personal knowledge of the facts set forth below and would be competent to testify as to these facts if called as a witness in this matter.

-2-

2. The Pension Fund is a multiemployer pension plan which is administered at its principal place of business at 9377 West Higgins Road, Rosemont, Illinois. On the date this action was filed and to the present date, Plaintiff Howard McDougall was and is one of the trustees and a fiduciary of the Pension Fund. The Trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10).

3. The files maintained for every employer who has withdrawn from participation in the Pension Fund, including one for Auto Rail Services of LAP, Inc. ("LAP"), are under my dominion and control.

4. The Pension Fund's records show that on or about May 21, 2006: (i) Steven L. Renne directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Renne Acquisition Corp. ("RAC") and Multi-Level Services, Inc. ("MLS"); and (ii) RAC directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of LAP, Auto Rail Services of Maryland, Inc. ("ARS-Maryland"), Auto Rail Services of Pennsylvania, Inc. ("ARS-Pennsylvania"), Auto Rail Services of Wilmington, Inc. ("ARS-Wilmington"), Auto Rail Services of Ohio, Inc. ("ARS-Ohio"), and Auto Resources Group of Miami, Inc. ("ARG-Miami").

5. As a result of the common ownership of these companies, on or about May 21, 2006, RAC, LAP, ARS-Maryland, ARS-Pennsylvania, ARS-Wilmington, ARS-Ohio,

ARG-Miami, MLS, and Terminal Shuttle Services, Inc. ("TSS"), were a group of trades or businesses under common control (the "Auto Rail Services Controlled Group") and therefore constituted a single employer within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

6. The Pension Fund's records show that LAP was subject to collective bargaining agreements with certain Teamsters locals under which LAP was required to make contributions to the Pension Fund on behalf of certain of its employees.

7. On or about May 21, 2006, the Auto Rail Services Controlled Group permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased all covered operations, thereby effecting a "complete withdrawal," as defined in section 4203 of ERISA, 29 U.S.C. §1383.

8. I am responsible for managing the Pension Fund's assessment and collection program for withdrawal liability. If an employer has withdrawn from the Pension Fund, one of my staff members or I calculate the withdrawal liability due and notify the employer of the assessment in accordance with section 4219(b)(1) of ERISA, 29 U.S.C. § 1399(b)(1).

9. Section 4201(b) of ERISA, 29 U.S.C. § 1381(b), governs the calculation of withdrawal liability. Generally, the calculation of withdrawal liability consists of calculating the withdrawn employer's contributions during the ten plan years preceding the year of withdrawal as a fraction of contributions made by all employers during that same period of time.

10. Once the fraction referenced in paragraph 9 is calculated, it is then applied to the plan's total unfunded vested benefits ("UVBs") as of the last day of the plan year preceding the year of withdrawal.

11. I have made the calculation of the Auto Rail Services Controlled Group's withdrawal liability in accordance with section 4201(b) of ERISA, 29 U.S.C. § 1381(b), and the detail of that calculation is attached as a worksheet (Exhibit 1) to this Affidavit. As shown in Section II a. of the worksheet, the Auto Rail Services Controlled Group made a total of $13,512,913.20 in contributions to the Pension Fund during the ten plan years (1996-2005) preceding the year of withdrawal (2006).

12. As shown in Section II b. of the worksheet, all employers made $9,721,214,887 in contributions to the Pension Fund during the same period (1996-2005).

13. As shown in Section II c. of the worksheet, this amounts to an allocation fraction of 0.0013900437.

14. The Pension Fund's UVBs as of the end of the plan year preceding the date of withdrawal were $12,487,353,003 as shown in Section II d. of the worksheet.

15. When the allocation fraction is multiplied by the UVBs, the resulting withdrawal liability is $17,357,965.97 as shown in Section II e. of the worksheet.

16. The worksheet contains the remaining calculations that are required by statute. These calculations are detailed in Sections I, III and IV of the worksheet. These calculations did not affect the ultimate calculation.

17. In summary, as a result of the Auto Rail Services Controlled Group's complete withdrawal, each member of the Auto Rail Services Controlled Group incurred

joint and several withdrawal liability to the Pension Fund in the principal amount of $17,357,965.97 as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

18.   The Auto Rail Services Controlled Group failed to make any of the withdrawal liability payments to the Pension Fund and owes a principal balance of $17,357,965.97.

19.   Pursuant to section 4301(b) of ERISA, 29 U.S.C. § 1451(b), the failure of an employer to pay withdrawal liability payments when due is treated in the same manner as a delinquent contribution under section 515 of ERISA, 29 U.S.C. § 1145.

20.   Under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to the following relief when it prevails in an action under section 515 of ERISA, 29 U.S.C. § 1145, as incorporated by section 4301(b) of ERISA, 29 U.S.C. § 1451(b):

   (i)    delinquent withdrawal liability payments;
   (ii)   interest on the delinquent withdrawal liability payments;
   (iii)  an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of 20 percent of the delinquent withdrawal liability payments; and
   (iv)   reasonable attorney's fees and costs.

21.   Under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), interest is determined using the rate under the Pension Plan.

22.   Under the Pension Fund's Pension Plan, interest is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the months for which the interest is charged.

23.   The Auto Rail Services Controlled Group owes $2,958,086.70 in delinquent interest on the unpaid withdrawal liability through May 1, 2008.

24. The Pension Fund's Pension Plan provides for liquidated damages in the amount of 20% of the unpaid withdrawal liability payments. Here, 20% of the unpaid withdrawal liability (i.e., $17,357,965.97) is $3,471,593.19.

25. Accordingly, I have calculated that Plaintiffs are entitled to a judgment against Defendants for:

    (i)   $17,357,965.97 in withdrawal liability payments;
    (ii)  $2,958,086.70 in interest (through 5/1/08);
    (iii)  $3,471,593.19 in liquidated damages; and
    (iv)  Attorney's fees and costs.

26. Under the Pension Fund's Pension Plan, interest on a judgment entered against an employer is computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the months for which the interest is charged and shall be compounded annually.

**FURTHER AFFIANT SAYETH NOT.**

_____
Andrew Sprau

Subscribed and sworn to before me,
a Notary Public, this 28th day of April, 2008.

_____
Notary Public

"OFFICIAL SEAL"
Karla J. Genitoni
Notary Public, State of Illinois
My Commission Exp. 09/03/2009

# Exhibit 1 to Exhibit A

Controlling Employer Name: Rene Acquisition Corp.
Assessment Number: 6707009-WL060108-01

Withdrawn Company Name: Auto Resources Group of LAP
Address:

Type of Calculation: 2006 Complete Withdrawal

Date Prepared: October 24, 2006

Section I - Pre-1980 Pool

a. Withdrawn Employer's Contributions
   (1975 - 1979)

| Year | Contributions | # CBUs |
|---|---|---|
| 1975 | 0.00 | 0.0 |
| 1976 | 0.00 | 0.0 |
| 1977 | 0.00 | 0.0 |
| 1978 | 0.00 | 0.0 |
| 1979 | 0.00 | 0.0 |
| Total | 0.00 | |

b. All Employer's Contributions (1975 - 1979)     1,993,217,854

c. Allocation Fraction     0.0000000000

d. Unamortized 12/31/79 UVB     0

e. Pre-1980 Pool Liability     $0.00

Section II - Post-1979 Pool

a. Withdrawn Employer's Contributions
   Last 10 Years

| Year | Contributions | #CBUs |
|---|---|---|
| 1996 | 14,267.40 | 142.2 |
| 1997 | 910,034.60 | 7,461.4 |
| 1998 | 1,255,502.00 | 9,809.2 |
| 1999 | 1,571,564.80 | 11,204.6 |
| 2000 | 1,851,037.20 | 11,911.8 |
| 2001 | 1,679,703.60 | 10,097.8 |
| 2002 | 1,795,224.00 | 10,278.4 |
| 2003 | 1,678,931.60 | 9,432.2 |
| 2004 | 1,679,642.00 | 8,954.6 |
| 2005 | 1,077,006.00 | 5,158.2 |
| Total | $13,512,913.20 | |

b. All Employers' Contributions Last 10 Years     9,721,214,887

c. Allocation Fraction     0.0013900437

d. Net Change in UVB @ 12/31/05     12,487,353,003

e. Post-1979 Pool Liability     $17,357,965.97

Controlling Employer Name: Rene Acquisition Corp.
Assessment Number: 6707009-WL060108-01

Withdrawn Company Name: Auto Resources Group of LAP

Section III - Adjustments to Liability

| | |
|---|---:|
| a. Unadjusted Liability | $17,357,965.97 |
| b. De Minimis Rule | 0.00 |
| c. Prior Assessment Credit | 0.00 |
| d. Partial Prorate | 0.00 |
| e. Sec. 4225 Limitations | 0.00 |
| f. Adjusted Liability | $17,357,965.97 |

Section IV - Partial Prorate

a. # CBUs in Next Year                                                 0.0

b. 5 Year Average # CBUs

| Year | # CBUs |
|---|---|
| 2001 | 10,097.8 |
| 2002 | 10,278.4 |
| 2003 | 9,432.2 |
| 2004 | 8,954.6 |
| 2005 | 5,158.2 |
| Total | 43,921.2 |

| | |
|---|---:|
| 5 Year Average | 8,784.2 |
| c. Prorate Fraction | 1.0000000000 |
| d. Remaining Liability | 17,357,965.97 |
| e. Partial Prorate | $0.00 |

Controlling Employer Name:     Rene Acquisition Corp.
Assessment Number:     6707009-WL060108-01

Withdrawn Company Name:     Auto Resources Group of LAP

Payment Schedule

a. High Contribution Rate (Weekly Rate Basis)     $226.00

b. 3 Year Average # CBUs

| Year | # CBUs |
|---|---|
| 1999 | 11,204.6 |
| 2000 | 11,911.8 |
| 2001 | 10,097.8 |
| TOTAL | 33,214.2 |

    3 Year Average     11,071.4

c. Partial Prorate Fraction     1.0000000000

d. Annual Payment     $2,502,136.40

e. Assessment     $17,357,965.97

f. Amortization Period

| Year | Rate | Interest | Opening Balance | Closing Balance |
|---|---|---|---|---|
| 1 | 0.00 | 0.00 | 17,357,965.97 | 14,855,829.57 |
| 2 | 0.08 | 1,188,466.37 | 16,044,295.94 | 13,542,159.54 |
| 3 | 0.08 | 1,083,372.76 | 14,625,532.30 | 12,123,395.90 |
| 4 | 0.08 | 969,871.67 | 13,093,267.57 | 10,591,131.17 |
| 5 | 0.08 | 847,290.49 | 11,438,421.66 | 8,936,285.26 |
| 6 | 0.08 | 714,902.82 | 9,651,188.09 | 7,149,051.69 |
| 7 | 0.08 | 571,924.13 | 7,720,975.82 | 5,218,839.42 |
| 8 | 0.08 | 417,507.15 | 5,636,346.57 | 3,134,210.17 |
| 9 | 0.08 | 250,736.81 | 3,384,946.99 | 882,810.59 |
| 10 | 0.08 | 70,624.85 | 953,435.43 | 0.00 |
| 11 | 0.08 | 0.00 | 0.00 | 0.00 |
| 12 | 0.08 | 0.00 | 0.00 | 0.00 |
| 13 | 0.08 | 0.00 | 0.00 | 0.00 |
| 14 | 0.08 | 0.00 | 0.00 | 0.00 |
| 15 | 0.08 | 0.00 | 0.00 | 0.00 |
| 16 | 0.08 | 0.00 | 0.00 | 0.00 |
| 17 | 0.08 | 0.00 | 0.00 | 0.00 |
| 18 | 0.08 | 0.00 | 0.00 | 0.00 |
| 19 | 0.08 | 0.00 | 0.00 | 0.00 |
| 20 | 0.08 | 0.00 | 0.00 | 0.00 |

g. Monthly Payment Amount     $209,850.05

h. # of Monthly Payments     112.57

i. First Payment Due Date     August 1, 2008